# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT DIVISION

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
CIVIL BUSINESS
DKT. NO. 1984CV02576-E

JOSE LUIS GONZALEZ,                  )
                    Plaintiff        )
                                     )
         Vs.                         )
                                     )
JOHNSON & JOHNSON COMPANY 1/         )
         Defendant,                  )
                                     )
ETHICON, INC., A Subsidiary          )
of Johnson & Johnson,      2/        )
              Defendant,             )
                                     )
LEMUEL SHATTUCK HOSPITAL,            )
              Defendant,             )
                                     )
JAMES G. PETROS, M.D.,               )
              Defendant              )

JURY TRIAL DEMANDED

VERIFIED COMPLAINT

## PLAINTIFF'S AMENDED COMPLAINT

### PRELIMINARY STATEMENT

This is an action filed by Jose L. Gonzalez, a State Prisoner in the custody of the Massachusetts Department Of Correction alleging Medical Malpractice, Tort Claims-Negligence & Personal injur(ies), Violation of his Eighth Amendment-Deliberate Indifference, and Violation of the Consumer Protection Act-Breaches of Strict Liability, Design Defect(s), Failure to warn, Manufacturing defect(s), Express Warranty, Implied Warranty and Negligence for injur(ies) sustained as a result of being implanted with a Medical Device by the name "Prolene" that was designed and manufactured by Johnson & Johnson Co. and its

---

1/ Johnson & Johnson Company is referenced as a defendant in this amended complaint in substitution for the previous defendant C.R. Bard, Inc.

2/ Ethicon, Inc. is referenced as a defendant in this amended complaint in substitution for previous defendant Davol, inc.

Subsidiary Ethicon, Inc. during a surgical procedure performed by James G. Petros, M.D. while at Lemuel Shattuck Hospital that caused and resulted in serious life threatening infections, Internal damage(s), and permanent disfigurement (Abdominal scars) which left Gonzalez with chronic pain, emotional distress and mental anguish, along with life altering consequences (e.g. restrictive diet(s)). Gonzalez seeks compensatory and punitive relief/damages for the personal injur(ies) he sustained and continues to suffer from since the surgical procedure, along with Declaratory and Injunctive relief. He request a trial by jury.

## I. JURISDICTION

1.    This Court has Jurisdiction over the Plaintiff pursuant to M.G.L. c. 223A § 3, et seq., M.G.L. c. 231 § 60B, et seq., M.G.L. c. 258 § 1, et seq., M.G.L. c. 93A § 2, et seq., M.G.L. c. 231A § 1, et seq., 42 U.S.C.A. §§ 1983 and 1997e(e), M.G.L. c. 260 § 4.

## II. VENUE

2.    The Superior Court Department in the County of Suffolk is an appropriate venue pursuant to the above-mentioned statutes because it is where the events and omissions giving rise to the claims in this complaint occurred in its entirety.

## III. PARTIES

3.    The Plaintiff, Jose Luis Gonzalez, is a State Prisoner in the custody of the Massachusetts Department Of Correction, and for all relevant purposes to this action is incarcerated at Massachusetts Correctional Institution-Norfolk ("MCI-NORFOLK") located at the address of 2 Clark Street, P.O. Box 43, Norfolk, MA. 02056-0043.

4.     The Defendant, Johnson & Johnson Company, is a private company with a principal place of business at One Johnson Plaza, New Brunswick, New Jersey, 08933. This Company is a Shareholder of Ethicon, Inc., and is responsible and liable for the maunfacturing, distributing, marketing, testing, inspecting, developing, designing, advertising and selling of the medical product "Prolene" which is commonly known as Polypropylene that is used for surgical procedures to repair hernia injuries. They are being sued in their Official and Individual Capacities.

5.     The Defendant, Ethicon, Inc., is a Subsidiary of the Johnson & Johnson Co. and a private corporation with a principal place of business at 4545 Creek Road, Cincinnati, Ohio 45242. This Corporation is responsible for manufacturing, designing, testing, inspecting, developing, distributing, marketing, advertising, and selling the medical device "Prolene" which is commnly known as Polypropylene that is used for surgical procedures to repair hernia injuries. They are being sued in their Official and Individual Capacities.

6.     The Defendant, Lemuel Shattuck Hospital, is a licensed hospital and a Massachusetts entity located at 170 Morton Street, Jamaica Plain, Massachusetts 02130. This Hospital, at all times relevant to this action, was engaged in providing medical, surgical, anesthetic, hospital and nursing care, treatment and services to the public, and is a outside medical contractual provider for the Department Of Correction authorized to medically treat prisoners within the State of Massachusetts. They are being sued in their Official and Individual Capacities.

7.     The Defendant, James G. Petros, M.D., at all times relevant to this action, is a Medical Surgeon licenced to practice medicine within the Commonwealth of Massachusetts and maintains an Office to practice medicine at 88 E. Newton Street, Boston, Massachusetts 02118 and also holds a place of employment at Lemuel Shattuck Hospital. He is being sued in his Individual Capacity.

## IV. FACTUAL ALLEGATIONS

8.     On or about August 15, 2016 through the period of August 27, 2016, and a considerable time prior to the surgical procedure, this plaintiff Jose L. Gonzalez ("Gonzalez") was a patient of the defendant Lemuel Shattuck Hospital ("LSH") receiving medical care and treatment from medical personnels of LSH, which included the defendant James G. Petros, M.D. ("Dr. Petros") for an inguinal hernia. A surgical procedure was performed to repair the hernia while at LSH and post-operative care and treatment were provided during the aforementioned period that resulted in personal injur(ies) to Gonzalez that is referenced in full detail below.

9.     On August 15, 2016, Gonzalez was scheduled for a surgical procedure to repair an inguinal hernia ("hernia") that he had on his left-side groin. His hernia was being cared for and managed at LSH for the last eight (8) years prior to the surgery.

10.    The surgical procedure was performed as scheduled by Dr. Petros who utilized a medical device known as "Prolene" to repair the hernia. (See attached hereto as EXHIBIT **A**, LSH Operative Report dated August 16, 2016)

-4-

11.    The Prolene Mesh used by Dr. Petros was a Medical device that
was designed , developed, tested, inspected, manufactured, sold,
and distributed throughout Medical Facilities in the Commonwealth
of Massachusetts, which included LSH, by the Defendants' Johnson
& Johnson Co. ("J&J Co.") and its Subsidiary Ethicon, Inc.("Ethicon")
for medical purposes to be used in surgical procedures to repair,
among other things, hernia injur(ies).

12.    After the surgery, Gonzalez was admitted into the Intensive
Care Unit ("ICU") while at LSH for post-surgery recovery, care and
treatment. However, twelve (12) days after the surgery Gonzalez's
had developed some form of an infection that medical personnels at
LSH thought was "Fournier Gangrene." (See attached hereto as EXHIBIT
B, LSH Discharge Summary @ Page 5 dated 8/27/2016) He was discharged
from LSH and sent to an Emergency Room at Boston Medical Center
("BMC").

13.    Gonzalez was immediately transported to the Emergency Room at
BMC for urgent medical care and treatment, upon arriving he was
rushed into emergency surgery because he had sepsis, which is a life
threatening infection. (See attached hereto as EXHIBIT C, BMC Medical
Records @ Page 17 of 59)

14.    The life saving and corrective surgery was performed by numerous
surgeons (e.g. 13 surgeons) at BMC, and their collective and rapid
respond was able to control the infection as they also took serious
measures to attempt to minimize the damage caused from the surgical
procedure performed at LSH by Dr. Petros, however, during the life
saving surgery other complications were discovered that required
immediate medical action.

15.     The Surgeons at BMC determined and discovered that "this
was a contaminated case" as labeled in their medical records
(See BMC Medical Records @ Page 3 of 59, referenced in EXHIBIT
C) which they further stated that the condition Gonzalez was in
when he arrived at BMC "rendered the case technically challenging
and added more than twice the typical operative time commonly
needed for an uncomplicated such procedure." (quoting from BMC
Medical Records @ Page 4 of 59, referenced in EXHIBIT C).

16.     The Surgeons at BMC also discovered other serious post-
operative complications which showed that Gonzalez had developed
a Enterocutneous Fistula ("ECF" or "Fistula") while in recovery
at LSH. ECF or Fistula is an abnormal connection between the
gastrointestinal tract and the skin of the abdomen, citing from
Postoperative ECF: When to reoperate and how to succeed, J. Clin.
Colon Retal Surg., November 2006, 19(4): Pages 237-246 ("The
development of an Enterocutneous Fistula is a potentially
catastrophic postoperative complication.").

17.     After the life-saving emergency surgery and extensive post
operative recovery at BMC from the boched surgical procedure at
LSH, Gonzalez became aware and learned for the first time that
the Prolene Mesh Dr. Petros had used to repair his hernia was
known to cause serious adverse health complications and it was
one of many meshes that the Food & Drug Administration ("FDA")
had issued a recall on. (See attached hereto as EXHIBIT 1)
However, prior to the surgical procedure, neither, Dr. Petros or
any Medical Personnels at LSH had disclosed this information to
Gonzalez or inform him about the situation after the surgery.

18.    Upon further investigation, Gonzalez also learned and became aware for the first time that J & J Co. and its subsidiary Ethicon are named defendants' in a Multi-District Litigation Claim in numerous States arising over the use of several of their medical product that are used to repair hernia injuries, which includes "Prolene," that have resulted in personal injuries and serious complications, like that experienced by Gonzalez. These cases are consolidated and overseen by a Federal District Court in the State of Georgia. (See In Re Ethicon, Inc. Pelvic Sys. Prods. Liab. Litig., No. 2:12-Md-002327, August 19, 2015).

19.    Furthermore, since the boched surgical procedure performed by Dr. Petros at LSH and the life-saving emergency care and treatment Gonzalez received at BMC, he has had to endure additional revision surgical procedure (See attached hereto as EXHIBIT D, BMC Medical Records, dated 9/4/2018) to address ongoing residual effects (e.g. gastrointestinal blockage, etc.) from the prolene mesh that had been implanted into him by Dr. Petros while at LSH that had been deemed defective and recalled by the FDA.

20.    As of the present date, Gonzalez has suffered and will continue to suffer from the named defendants' act, action and omission of experiencing pain and discomfort, being permanently disfigured (e.g. abdominal scars), having to adjust to life altering consequences of being on a restrictive diet because his G.I. tract cannot process or digest all types of food like normal persons since the traumatic events of August 27, 2016 and beyond, he suffers from mental anxiety and mild depression, among other things, and will continue to suffer

from the effects of the boched surgical procedure performed by Dr. Petros at LSH as a result of being implanted with a Prolene Mesh that was manufactured and distributed by J & J Co. and its subsidiary Ethicon which had been recalled by the FDA because it was known to cause serious adverse health complications (e.g. chronic pain, etc.) that Gonzalez will have to deal with into the foreseeable future.

## V. CAUSE OF ACTION

21. Plaintiff realleges and incorporate by reference to paragraphs 8 through 20 in support for each count of relief against each named defendant as stated below:

### I. Claims For Relief Against Johnson & Johnson CO.

22. The Defendant, Johnson & Johnson Company, was at all times herein a Shareholder of Ethicon, Inc., and is responsible and liable in the developing, designing, testing, inspecting, manufacturing, selling, advertising, marketing, and distribution of various medical product intended for use in surgical procedures like hernia injur(ies) known by the name "Prolene" Mesh.

23. The severe and permanent injuries suffered by Gonzalez were the direct and proximate result of the culpability and negligence of the defendant as follows:

(a) The defendant negligently marketed an inherently unsafe and ineffective product by the name "Prolene" for medical use.

(b) The defendant negligently designed, developed, maunfactured, researched, tested, inspected, promoted, marketed, sold and distributed its "Prolene" Mesh product as a safe medical device.

(c) The defendant negligently failed to give adequate warnings or adequate instructions to Physicians, like Dr. Petros, concerning

the risk or likelihood of infections, and other complications
associated with the use of its "Prolene" Mesh product.

(d) The defendant negligently failed to give warnings or
instructions, or adequate warnings or adequate instructions,
to members of the general public, which includes LSH, of the
risk or likelihood of infections and other medical problems
or complications with the use of "Prolene" Mesh product.

(e) The defendant negligently placed in the channel of trade a
"Prolene" Mesh product which it knew or with reasonable care
should have known was dangerous and defective in nature and
design, or in a dangerous and defective condition, and
negligently placed said product in the channel of trade in a
manner which the defendant foresaw, or in the exercise of
reasonable care ought to have foreseen, would prob ably carry
said product into contact with persons such as Gonzalez, LSH,
and Dr. Petros, and negligently failed to use reasonable care
to prevent injury to such persons.

24.   The defendant expressly and impliedly warranted to the general
public and in particular LSH and Dr. Petros that their "Prolene"
Mesh product was safe, merchantable, and fit for use for which it was
intended. The defendant breached said warranties for their "Prolene"
Mesh product because said product was unsafe, not merchantable quality,
and unfit for the purposes for which it was intended. Gonzalez relied
on the warranties made by the defendant and suffered severe and
permanent injuries to his person as a direct and proximate result
of LSH and Dr. Petros reliance on said warranties and as a direct
and proximate result of the breaches of said warranties by the
defendant. Due notice has been given to the defendant under the laws
of the Commonwealth of Massachusetts of its breaches of warranties.

25.    The  defendant Johnson & Johnson Co. as a Shareholder of Ethicon
did approved the marketing of the Medical device "Prolene" Mesh,
which was in a defective condition and dangerous and defective in
design, by reason of which said device was unreasonably dangerous
and unsafe to the user thereof. Said Prolene Mesh was defective and
dangerous at the time when it was marketed by the defendant and at
the time when it reached LSH and was implanted into Gonzalez by Dr.
Petros. Said defective and dangerous condition proximately caused
Gonzalez's severe and permanent personal injuries while the device
was used for its ordinary intended purpose and in the ordinary
intended manner. The severe and permanent injuries suffered by
Gonzalez were the direct and proximate result of the marketing
and sale by the defendant of said defective and dangerous medical
device.

26.    The defendant failed to warn of known dangers associated with
the use of its "Prolene" Mesh product and represented its product
as safe and efficient through false and misleading advertising and
labeling when it knew of the risk of infections and other life
threatening complications. Gonzalez relied on the defendant's
misrepresentations and suffered severe and permanent injuries
to his person as a result of his reliance of said misrepresentations.

27.    As the direct and proximate result of the defendant's negligence,
breaches of warranties which include strict liabilities, among them,
Tort, Fraud, Deceit and Misrepresentation, Gonzalez was caused to
have developed severe life threatening infections (e.g. Sepsis,
Enterocutneous Fistula) and other life-altering complications.
Gonzalez's was lefted incapacitated for an extensive period of time

unable to perform basic daily activities (e.g. walk, sit, eat, etc.) and suffered and will continue to suffer from chronic pain, mental anguish and anxiety, depression, and emotional distress since being implanted with a defective medical device by the defendant's that lead to the severe and permanent injuries and life-altering consequences (e.g. restrictive diets) to his health that has affected his ability to enjoy life that has been permanently and severely impaired, which affect his happiness, comfort, and mental well-being, and this deprivation and impairment will necessarily continue for a long time into the foreseeable future, all to the plaintiff's damages.

28.     As the direct and proximate result of the defendant's negligence, breaches of warranties that include strict liabilities, among them, Tort, Fraud, Deceit and Misrepresentaions, as herein set forth in Gonzalez's Complaint, he will be cause to incur medical and hospital care, treatment, and other additional expenses in the future after being released from prison due to the consequences of unforeseen residual effects from the injuries sustained as a result of having the defendant's defective medical device ("Prolene") implanted in him.

## II. Claims For Relief Against Ethicon, Inc.

29.     The defendant Ethicon, Inc., is a subsidiary of the Johnson & Johnson Co., and was, at all times herein concerned, engaged in the designing, developing, testing, inspecting, manufacturing, marketing, advertising, selling and distribution of various Medical Product intended for use in surgical procedures like hernia injuries known by the name "Prolene" Mesh.

30.    The severe and permanent injuries suffered by Gonzalez were

the direct and proximate result of the culpability and negligence

of the defendant as follows:

(a) The defendant negligently marketed an inherently unsafe and
ineffective product by the name "Prolene" for medical use.

(b) The defendant negligently designed, developed, manufactured,
researched, tested, inspected, promoted, marketed, sold, and
distributed its "Prolene" Mesh product as a safe medical device.

(c) The defendant negligently failed to give adequate warnings or
adequate instructions to Physicians, like Dr. Petros, concerning
the risk or likelihood of infections, and other complications
associated with the use of its "Prolene" Mesh product.

(d) The defendant negligently failed to give warnings or instructions
or adequate warnings or adequate instructions, to members of the
general public, which includes LSH, of the risk or likelihood of
infections and other medical problems or complications with the
use of "Prolene" Mesh product.

(e) The defendant negligently placed in the channel of trade a
"Prolene" Mesh product which it knew or with reasonable care
should have known was dangerous and defective in nature and
design, or in a dangerous and defective condition, and
negligently placed said product in the channel of trade in a
manner which the defendant foresaw, or in the exercise of
reasonable care ought to have foreseen, would probably carry
said product into contact with persons such as Gonzalez, LSH,
and Dr. Petros, and negligently failed to use reasonable care
to prevent injury to such persons.

31.    The defendant expressly and impliedly warranted to the general

public and in particular to LSH and Dr. Petros that said "Prolene"

Mesh was safe, merchantable, and fit for use for which it was

intended. The defendant breached said warranties to prolene mesh

because said product was unsafe, not merchantable quality, and unfit for the purposes for which it was intended. Gonzalez relied on the warranties made by the defendant and suffered severe and permanent injuries to his person as a direct and proximate result of the breaches of said warranties by the defendant. Due notice has been given to the defendant under the laws of the Commonwealth of Massachusetts of its breaches of warranties.

32.    The defendant Ethicon, Inc., a subsidiary of the Johnson & Johnson Co., marketed a Medical device known as "Prolene" Mesh, which was in a defective condition and dangerous and defective in design, by reason of which said product was unreasonably dangerous and unsafe to the user thereof. Said product was defective and dangerous at the time when it was marketed by the defendant and at the time when it reached LSH and was implanted into Gonzalez by Dr. Petros. Said defective and dangerous condition proximately caused Gonzalez's severe and permanent personal injuries while the device was used for its ordinary intended purpose and in the ordinary intended manner. The severe and permanent injuries suffered by Gonzalez were the direct and proximate result of the marketing and sale by the defendant of said defective and unreasonably dangerous medical product.

33.    The  defendant failed to warn of known dangers associated with the use of its "Prolene" Mesh product and represented its product as safe and efficient through false and misleading advertising and labeling when it knew of the risk of infections and other life threatening complications. Gonzalez relied on the defendant's

misrepresentations and suffered severe and permanent injuries
to his person as a result of his reliance of said misrepresentations.

34.    As the direct and proximate result of the defendant's negligence,
breaches of warranties that include strict liabilities, among them,
Tort, Fraud, Deceit and Misrepresentations, Gonzalez was caused to
have developed severe life threatening infections (e.g. Sepsis,
Enterocutneous Fistula) and other life-altering complications.
Gonzalez's was lefted incapacitated for an extensive period of
time unable to perform basic daily activities (e.g. walk, sit,
eat, etc.) and suffered and will continue to suffer from chronic
pain, mental anguish and anxiety, depression, and emotional distress
as a result of being implanted with a defective medical device that
was manufactured by the defendant that lead to severe and permanent
injuries and life-altering consequences (e.g. restrictive diets) to
his health which has affected his ability to enjoy life that has
been permanently and severely impaired, which affect his happiness,
comfort, and mental well-being, and this deprivation and impairment
will necessarily continue for a long time into the foreseeable
future, all to the plaintiff's damage.

35.    As the direct and proximate result of the defendant's negligence,
breaches of warranties that include strict liabilities, among them,
Tort, Fraud, Deceit and Misrepresentations, as herein set forth in
Gonzalez's Complaint, he will be cause to incur medical and hospital
care and treatment, and other additional expenses in the future
after being released from prison due to the consequences of the un-
foreseen residual effects from the injuries sustained as a result of

-14-

having the defendant's defective medical device "Prolene"
implanted in him.

### III. Claims For Relief Against Lemuel Shattuck Hospital

36.    The defendant Lemuel Shattuck Hospital, their agents, personnels,
employees, and servants, negligently, carelessly and/or unskillfully
cared for and treated Gonzalez during, but not limited to, the dates
set forth in his complaint, as follows:

(a) Negligent failure to follow the standard of care and skill of
the average qualified member of the profession practicing the
specialties practiced by the defendant, their employees, agents,
personnels , and servants, taking into account advances in the
profession.

(b) Negligent failure to follow the standard of care and skill of
the average hospital undertaking the care of patients, such as
Gonzalez, taking into account advances in the profession.

(c) Negligent failure to diagnose the conditions and medical
problems of Gonzalez, and the subsequent complications.

(d) Negligent failure to treat or adequately treat the conditions
and medical problems of Gonzalez, and the subsequent complications.

(e) Negligent failure to prescribe or administer or have prescribed
or administered in the proper amounts, certain medications or
medicine(s) to Gonzalez.

(f) Negligent failure to respond to certain symptoms of Gonzalez, or
negligently failed to use diligence in any responses made, in the
care and treatment of Gonzalez, and any subsequent complications.

37.    As a direct and proximate result of negligence and carelessness of
LSH, their employees, personnels, agents, and servants, as set forth
herein Gonzalez's complaint, he has been caused to suffered and
continues to suffer severe and permanent injuries, which included, but
its not limted to, chronic pain and discomfort, life-altering

15

changes (e.g restrictive diets), disfigurement (e.g. abdominal scars) and has had to endure other surgical procedures (e.g. revisional surgery) from residual effects (e.g. gatrointestinal blockage) due to the boched surgical procedure performed by Dr. Petros while at LSH. Gonzalez's has suffered great physical and mental anguish and will continue to suffer the same as a result of defendant's action, acts, and omission of not preventing the use of or removing the defective "Prolene" Mesh from use at LSH, which was implanted into Gonzalez during a surgical procedure.

38.   As a direct and proximate result of negligence and carelessness of LSH, their employees, personnels, agents, servants, as set forth in Gonzalez's Complaint, he has been, and will be in the future, cause to expend great sums of money for medical, hospital and pyschological care and treatment.

39.   As a direct and proximate result of the negligence and carelessness of LSH, their employees, personnels, agents, and servants Gonzalez has suffered grievous pain of body and mind, which include emotional distress and mental anguish, as a result of the damages sustained and suffered after being implanted with a defective medical device while at LSH by their employees, personnels, agants, and servants.

### IV. Claims For Relief Against James G. Petros, M.D.

40.   The defendant James G. Petros, M.D., negligently, carelessly and/or unskillfully cared for and treated Gonzalez, during, but not limted to, the dates set forth in his complaint, as follows:

(a) Negligent failure to follow the standard of care and skill of the average qualified member of the profession practicing the specialties practiced by the defendant,taking into account advances in the profession.

(b) Negligent failure to follow the standard of care and skill of the average physician in a hospital undertaking the care of patients, such as Gonzalez, taking into account advances in the profession.

(c) Negligent failure to diagnose the conditions and medical problems of Gonzalez, and the subsequent complications.

(d) Negligent failure to treat or adequately treat the conditions and medical problems of Gonzalez, and any subsequent complications.

(e) Negligent failure to prescribe or adminster or have prescribed or administered in the proper amounts, certain medications or medicines to Gonzalez.

(f) Negligent failure to respond to certain symptoms of Gonzalez or negligently failed to use diligence in any responses made, in the care and treatment of Gonzalez, and any subsequent complications.

41.   As a direct and proximate result of negligence, carelessness, and deliberate indifference by the defendant James G. Petros, M.D., as set forth herein Gonzalez's Complaint, Gonzalez has been caused to suffered and continues to suffer severe and permanent injuries, which include, but are not limited to, chronic pain and discomfort, life-altering changes (e.g., restrictive diets), disfigurement (e.g. abdominal scars), and has required subsequent medical care (e.g. revision surgery) for residual effects (e.g. gastrointestinal blockage) as a result of the boched surgical procedure performed by the defendant while at LSH. Gonzalez has suffered great phyiscal and mental anguish and will continue to suffer the same as a result

of defendant's acts, actions and omissions of, among them, not
disclosing, providing information, or informing or warning
Gonzalez about the defective condition and circumstances pertaining
to the "Prolene" Mesh prior to utilizing it in the surgical
procedure.

42.   As a direct and proximate result of negligence, carelessness,
and deliberate indifferences of James G. Petros, M.D., as set forth
herein Gonzalez's Complaint, Gonzalez has been and will be in the
future, caused to expend great sums of money for medical, hospital,
and psychological care and treatment.

43.   As a direct and proximate result of negligence, carelessness,
and deliberate indiffences by the defendant James G. Petros, M.D.,
to Gonzalez's health and safety, he has suffered grievous pain of
body and mind, that include emotional distress and mental anguish,
as a result of the damages sustained and suffered after being
implanted with a medical "Prolene" Mesh device by the defendant
that had been deemed defective due to causing serious health
complications, that he implanted into Gonzalez without prior notice
or warning.

44.   Gonzalez has no plain, adequate or complete remedy at law to
redress the harm and damage caused to him from the wrongful acts,
actions, and omissions described in his complaint. Gonzalez has
been and will continue to suffer and be placed in substantial
risk of serious, if not irreparable, harm from the actions of the
named defendants, Johnson & Johnson Co., Ethicon, Inc., a subsidiary
of the Johnson & Johnson Co., Lemuel Shattuck Hospital, and James
G. Petros, M.D. unless the court grants him the relief being sought

in this complaint.

## VI. PRAYERS FOR RELIEF

WHEREFORE, plaintiff prays this Honorable Court will enter Judgment for the plaint as follows:

### Declaratory Judgment

45.   Enter declaratory judgment as follows:

(A) Declare and adjudge that the actions, acts, and omissions of the defendant Johnson & Johnson Co. of failing to act to ensure or prevent that their product "Prolene" Mesh was not being utilized by any Medical Facilities in the Commonwealth of Massachusetts, which included Lemuel Shattuck Hospital, after it had been recalled by the FDA for causing serious health complications was an act of negligence in direct violation of the Massachusetts Tort Claim Act ("MTCA"); and a violation of the Massachusetts Consumer Protection Act ("MCPA") for breaches of warranties; and a violation of Gonzalez's rights under the laws of Massachusetts.

(B) Declare and adjudge that the actions, acts, and omissions of the defendant Ethicon, Inc., a subsidiary of the Johnson & Johnson Co., of failing to act to ensure or prevent that its product "Prolene" Mesh was not being utilized by any Medical Facilities in the Commonwealth of Massachusetts, which included Lemuel Shattuck Hospital, after it had been recalled by the FDA for causing serious health complications was an act of negligence in direct violation of the MTCA; and a violation of the MCPA for breaches of warranties; and a violation of Gonzalez's rights under the laws of Massachusetts.

(C) Declare and adjudge that the actions, acts, and omissions of
the defendant Lemuel Shattuck Hospital of failing to protect
the health and safety of its patients, which included Gonzalez,
by allowing their employees, like Dr. James G. Petros, agents,
personnels, and servants to use or utilize a medical device by
the name "Prolene" that had been deemed defective by the FDA
due to causing serious adverse health complications which had
been recalled to be implanted during a surgical procedure into
Gonzalez that resulted in severe and permanent injuries to him
constitutes an act of negligence in direct violation of MTCA;
and a violation of Gonzalez's rights under the laws of the
Commonwealth of Massachusetts.

(D) Declare and adjudge that the actions, acts, and omissions by
the defendant James G. Petros, M.D., of failing to give notice,
warn or disclose, or provide information to his patient, which
include Gonzalez, prior to or after the surgical procedure to
repair a hernia that the medical device by the name "Prolene"
that he was using or had utilized was or is defective and had
been recalled by the FDA due to causing serious adverse health
complications that lead and resulted in severe and permanent
injuries to Gonzalez constituted an act of deliberate
indifference for his health and safety by placing him in
substantial risk of serious, if not irreparable, harm and is a
cruel and unusual punishment which is prohibited by the Eighth
Amendment of the United States Constitution and Article 26 of

the Massachusetts Declaration of Rights; and an act of
neglience in direct violation of the MTCA; and a violation
of Gonzalez's Civil Rights under Federal Law (42 U.S.C. §§
1983 and 1997e(e)).

(E) Declare and adjudge that the actions, acts, and omissions
described throughout this complaint by each of the named
defendants, Johnson & Johnson Co., Ethicon, Inc., Leumel
Shattuck Hospital, and James G. Petors, M.D., violated the
plaintiff, Jose L. Gonzalez's, rights under the United
States Constitution, the Massachusetts Declaration of Rights,
and the Laws of the Commonwealth of Massachusetts and that
these acts are unlawful in their entirety.

## Injunctive Relief

46.   Enter Injunctive relief as follows:

(i) Issue an order for Preliminary and/or Permanent Injunction
enjoing and restraining the defendant Lemuel Shattuck Hospital
("LSH"), their employee, agents, servants, and personnels, like
defendant James G. Petros, M.D. ("Dr. Petros"), from using or
utilizing any medical device(s) during or for surgical procedure
on any patients that has been deemed defective and recalled by
the FDA without prior consent and authorization by the patient
that should include a full disclosure, warning, or notice of
the medical product identity and the potential health risk or
complication associated with the product, even if it was already
utilized by Medical Personnels without having knowledge of the
product(s) defectiveness and recall status.

(ii) Issue an order for Permanent Injunction enjoining and

restraining the defendants Johnson & Johnson Co., and its

Subsidiary Ethicon, Inc., from marketing, advertising, selling,

and distributing their Medical Product "Prolene" Mesh in

Medical Facilities, which include LSH, throughout the

Commonwealth of Massachusetts for use in surgical procedures

to repair any type of hernias or any other medical conditions.

(iii) Issue an order for Preliminary and/or Permanent Injunction

enjoining and restraining the defendants Lemuel Shattuck

Hospital and James G. Petros, M.D. from using or utilizing

the Medical Device "Prolene" Mesh in any surgical procedure

to repair any type of hernias or for any otherwise medical

reasons.

### Award For Damages

47.    Award Compensatory Damages against Johnson & Johnson Company

as a Shareholder of Ethicon, Inc., in their individual and official

capacities for the personal injury caused to Gonzalez due to, among

other things, negligence.

48.    Award Compensatory Damages against Ethicon, Inc., a subsidiary

of the Johnson & Johnson Co., in their individual and official

capacities for the personal injury caused to Gonzalez due to, among

other things, negligence.

49.    Award Compensatory Damages against Lemuel Shattuck Hospital in

its individual and official capacities for negligence resulting in

personal injuries to Gonzalez.

50.   Award Compensatory Damages against James G. Petros, M.D., in his individual capacity for personal injuries suffered by Gonzalez due to negligence, medical malpractice, and deliberate indifference for Gonzalez's health and safety.

51.   Award Damages for Pain and Suufering against each nemed defendant, jointly and severally, pursuant to M. G. L. c. 231 § 60H.

52.   Award Damages for Emotional distress and Mental anguish against each named defendant, jointly and severally, pursuant to 42 U.S.C. § 1997e(e) for the physical injuries sustained by Gonzalez due to the acts, actions, and omissions by each defendants.

53.   Award Punitive Damages against each named defendant, jointly and severally, for the residual effects and consequences Gonzalez's will have to endure in the foreseeable future as a result of the acts, actions, and omissions of each defendant that resulted in severe and permanent injuries to him.

54.   Award Gonzalez any and all costs and fees incurred with interest pursuant to M. G. L. c. 231 § 6B.

55.   Award Gonzalez, if applicable, any and all attorney(s) costs and fees accordingly.

56.   A Jury Trial on all claims and issues triable by jury.

57.   Any other relief or actions the Courts deems just, proper, and equitable in this case.

      Respectfully submitted on this _13ᵗʰ_, day of _August_,
2020 by the Plaintiff,

Jose Luis Gonzalez, Pro-se
MCI-NORFOLK, W-67856/ Unit 2-3
2 Clark Street, P.O. Box 43
Norfolk, MA. 02056-0043


## VERIFICATION

I, Jose Luis Gonzalez, do hereby verify under the pains and penalties of perjury, that I have personally read and authored with the assistance of a "Jailhouse" lawyer the foregoing Amended Complaint in its entirety and state that all averments contained therein are of my own personal knowledge and are completely accurate and true.

Executed in the County of Norfolk, Massachusetts on this _13th_, day of _August_, 2020.


Jose Luis Gonzalez
MCI-NORFOLK, w-67856/ Unit 2-3
2 Clark Street, P.O. Box 43
Norfolk, MA. 02056-0043